(No. 36775.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN PROCHUT, Plaintiff in Error.

*Opinion filed March 22, 1963.*

L. WARREN GOLDEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, John Prochut, was indicted together with Anthony Wallenberg in the criminal court of Cook County on a charge of armed robbery of one Walter P. Wojcik of the sum of $725. Both pleaded not guilty and were tried by the court without a jury. Both were found guilty and sentenced to the penitentiary for terms of 9 to 15 years.

Defendant Prochut alone brings this writ of error, contending that the court erred in denying his motion for a continuance and thereby deprived defense of an opportunity to examine material witnesses as to material circumstances; that the trial court considered evidence not in the record which had a serious influence on the court's determination of the verdict as to the co-defendant; and that reversal as to one defendant necessitates reversal as to the other defendant.

The testimony shows that Wojcik operated a tavern at 3415 West 51st Street, Chicago. At about 3:15 P.M., on July 8, 1960, in this tavern, two men drew guns and robbed him of $725. That same night Wojcik identified Prochut and Wallenberg as the men who robbed him.

Police officer Bischof and his partner went to Wally's Four O'Clock Lounge at 5:30 P.M. and observed the defendant Prochut. Bischof and the owner of the tavern found a blue and white 1958 Chevrolet outside the tavern which matched the description of Wallenberg's car. Officer Bischof testified he went back into the tavern and found Prochut crouched behind a "twenty-six" table with two pistols in his hands. Whereupon the officer arrested him

and told him to drop the guns, which he did, and on the person of the defendant the officer found a key which fit the ignition and trunk of the Chevrolet. Prochut denied having seen the guns before. He further testified that one officer found the guns rather than defendant having them. Also, he stated he had the keys to Wallenberg's car because he was supposed to work on it but couldn't get the parts. He denied robbing Wojcik.

At the close of the evidence on the part of the People the defendant's attorney requested that the cause be continued in order that he might procure the attendance of three witnesses who could corroborate the defendant in his testimony concerning his arrest and which related to his alleged possession of the pistols and his presence in the tavern where the robbery took place. The attorney stated that he only knew the first names of said witnesses, but he did know where they had worked. He further stated that he understood that one of such witnesses had been laid off from work and the other was now on vacation and out of town. He also stated that he had suggested to the court in chambers the day before the trial that there might be some witnesses he would have to get. There was some dispute, however, as to just what was said in chambers. The court overruled the motion after asking three times that counsel present an affidavit as required by statute so that the State's Attorney could elect to admit that these witnesses, if present, would testify as set forth in said affidavit. (Ill. Rev. Stat. 1959, chap. 38, par. 738.) The defendant contends that this was reversible error on the part of the trial court.

The defendant contends this evidence was very material since there was not a positive identification made by the one witness Wojcik. An examination of the record here does disclose that the said Wojcik did make a positive identification although he could not describe the clothes and facial characteristics of the defendant. In *People* v.

*Solomon,* 24 Ill.2d 586, we held that testimony on identification of one witness alone is sufficient to convict if positive and credible even though such testimony is contradicted by the accused. We are of the opinion, therefore, that under the facts here the trial court did not commit error in overruling the motion of defendant for a continuance because of the failure of the counsel for the defendant to file the affidavit under the statute and also because of the presence of positive identification of the defendant.

As his second ground for reversal, defendant contends that since the trial court considered matters outside the record in determining the credibility of co-defendant, Anthony Wallenberg, as to his alibi, and that as such consideration resulted in Wallenberg's conviction being reversed and remanded, (*People* v. *Wallenberg,* 24 Ill.2d 350), the conviction of this defendant also must be reversed.

Wallenberg's defense rested principally upon an alibi based upon testimony that at the time of the alleged robbery he was at the corner of Western and Wabansia in Chicago awaiting arrival of a mechanic from his employer's company to fix a flat tire; that such location is 79 blocks from the place of the robbery; and that there were no gas stations along the street he travelled between Leavitt to Wabansia and west toward Western Avenue. In pronouncing the guilty verdict, the court stated that Wallenberg had testified "there were no gas stations on that stretch of the street where he would get air. I happen to know different. I don't believe his story." There was no evidence in the record to rebut the defendant's testimony that there were no gas stations along the route he travelled. This court in the *Wallenberg* case reversed and remanded because the court found that the credibility of the witness and his defense of alibi were entirely negated by the trial court's resort to personal belief and consideration of matter which was not in the record.

The matter considered in the *Wallenberg* case went only to the credibility and the alibi of defendant Wallenberg. It in no manner affected the question of guilt of this defendant, Prochut. The trial court had a positive identification of defendant Prochut, and there is nothing in the record showing that the court considered any matter outside the record in finding him guilty. Rather the record supports the finding of guilty.

Accordingly, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*