The People of the State of Illinois, Plaintiff-Appellee, v. Donald R. Weiss, Defendant-Appellant.

Gen. No. 68–123.

Second District.

June 26, 1969.

Robert Jones, of Downers Grove, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Helen C. Kinney, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant, Donald R. Weiss, was charged with the offense of battery under section 12-3(a)(1) of the Criminal Code (Ill Rev Stats 1967, c 38, par 12-3(a)(1)). He was found guilty by a jury, sentenced by the Court to serve six months at the State Farm at Vandalia, and to pay a fine of $500 and court costs.

At the time of his arrest, the defendant was with Rudy Vasicek, whom he wanted to use as a witness in his defense. Vasicek was served with two subpoenas—one commanding him to appear on September 28, 1966, at the defendant's trial, to testify on behalf of the People, and one commanding him to appear on December 12, 1966 to testify on behalf of the defendant. The case was continued several times and the trial actually commenced March 8, 1967.

On appeal, the defendant suggests that it was the duty of the People to produce the witness, Vasicek, at the

trial. The record indicates, however, that on October 31, 1966, the court entered an order that the witness be called as the court's witness at the trial to be held on December 12, 1966, and that subpoenas be issued without charge to the defendant. When the first subpoena issued, Vasicek was in jail and was readily available for production as a witness by the People. At the time of the actual trial, however, he was under a later subpoena, and was free on bond. Thus, the circumstances under which the witness was called, varied from time to time as the case was continued and until it reached trial.

We believe that it is reasonable to infer under these circumstances that, when Vasicek was in jail, the court requested the People to make him available as a witness without the formality of a writ of habeas corpus ad testificandum. Later, when Vasicek was free on bond, he was subject to the customary subpoena by the party who desired to call him as a witness. The defendant did not call the court's attention to the fact that the witness had failed to appear at the trial in answer to a subpoena until March 9, 1967—the second day of the trial. The defendant then asserted that it was the duty of the People to produce Vasicek as a witness and moved for a continuance. The motion was denied by the court.

The motion for continuance is a pretrial motion under article 114–4 of the Code of Criminal Procedure (Ill Rev Stats 1967, c 38, par 114–4). Section 114–4(a) provides that a continuance may be granted by the court, more than 30 days after the arraignment, upon motion made by the defendant, if the motion is supported by affidavit. Section 114–4(b)(3) states that a "material witness is unavailable and the defense will be prejudiced by the absence of his testimony; provided, that this shall not be a ground for continuance if the State will stipulate that the testimony of the witness would be as alleged; . . . ." Subsection (e) thereof provides that all motions for continuance are to be addressed to the discretion of

the court and should be considered in light of the diligence shown on the part of the movant; and subsection (f) specifies that after trial has begun a reasonably brief continuance might be granted to either side in the interests of justice.

The defendant did not seek a continuance at the commencement of the trial. He waited until the second day of the trial to move for a continuance and he did not support his motion by affidavit. Thus, he did not give the People an opportunity to stipulate that the testimony of the witness would be as alleged by the defendant. Under these circumstances, we cannot hold that the trial court abused the discretion granted to it by the statute. People v. Prochut, 27 Ill2d 298, 300, 301, 189 NE2d 290 (1963) ; People v. Clark, 9 Ill2d 46, 49, 50, 137 NE2d 54 (1956).

We do not believe that it was the burden of the People to produce Vasicek at the trial. Even though he was under a criminal charge, he was out on bond, and was not under the control or confinement of the People. There is nothing in the record which suggests that the State's Attorney wilfully secreted the witness to prevent him from testifying. The mother of the witness was present at the trial and conferred with the defendant and his counsel. The defendant and the proposed witness were acquaintances. The defendant made no attempt to seek a continuance until the second day of the trial and after the People had presented all of their testimony and evidence. In the light of the lack of diligence shown on the part of the defendant in seeking a continuance, it would appear that the discretion of the trial court was not improperly exercised.

The defendant also contends that the State's Attorney improperly made repeated references in his closing argument to the failure of the subpoenaed witness to appear and testify. The record indicates that the People waived opening argument. The defense counsel

in his argument, then strongly implied that the People had deliberately prevented the witness from appearing. Under these circumstances, it was not improper for the People to propound their own theory as to why the witness was absent. People v. Hayes, 23 Ill2d 527, 532, 179 NE2d 660 (1962); People v. Cokes, 106 Ill App2d 139, 148, 245 NE2d 507 (1969); People v. Woodley, 57 Ill App2d 380, 388, 206 NE2d 743 (1965).

For the reasons stated above, the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.