THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES CLAYBORNE, Defendant-Appellant.

Fourth District    No. 13619

Opinion filed April 7, 1977.

Richard J. Wilson and Ann L. Carr, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Charles Clayborne, was indicted for arson and unlawful use of weapons by a Champaign county grand jury. With the advice of privately retained counsel, defendant entered a negotiated plea of guilty to the arson charge in exchange for dismissal of the unlawful use of weapons charge and a sentence of 5 years probation.

Within 3 months of sentencing, a petition was filed in the circuit court, seeking the revocation of defendant's probation. The petition charged that defendant committed aggravated battery and that he resisted or

obstructed four police officers outside a tavern known as the Red Lion Inn, in Champaign, on July 13, 1975.

Following his arrest on that date, defendant was incarcerated in the county jail until August 7, 1975, when he was arraigned on the revocation petition. At that time, the public defender was appointed as defense counsel, a hearing on the petition was scheduled for August 27, 1975, and defendant was returned to the county jail. Nineteen days later, on August 26, 1975, defendant was arraigned on an indictment charging aggravated battery and obstructing or resisting a police officer, both of which were the charges described in the probation revocation petition. At that time, namely August 26, 1975, defendant was granted a continuance to secure private counsel to defend on those charges. As a result of this continuance a hearing was scheduled for a date not reflected in our record. The next day, August 27, 1975, when the revocation petition was called for hearing, the public defender asked for a continuance on the ground that the defendant wanted the same attorney to represent him at both the revocation hearing and at trial for the underlying offenses. Defendant buttressed his request with information that his parents had loaned him money to hire an attorney who was going to visit him that evening.

The State objected, stating that it had five witnesses ready to testify, that defendant had been in custody for 45 days and that the hearing had been scheduled for over 3 weeks. The court, thereafter, denied defendant's motion for a continuance and conducted the revocation hearing, after which it revoked defendant's probation. On September 22, 1975, defendant was sentenced to the penitentiary for a term of 3 to 9 years.

■■■ A trial court's refusal to grant a motion for a continuance will ordinarily not be disturbed on appeal without some showing of a clear abuse of discretion. (*People v. Hayes* (1972), 52 Ill. 2d 170, 175, 287 N.E.2d 465, 467-68; *People v. Brooks* (1976), 39 Ill. App. 3d 983, 986, 350 N.E.2d 821, 823.) A defendant is constitutionally entitled to counsel of his own choosing, if the exercise of that right does not thwart the administration of justice by inordinately delaying the trial. *People v. Green* (1969), 42 Ill. 2d 555, 557, 248 N.E.2d 116, 117; *People v. Young* (1976), 39 Ill. App. 3d 480, 483, 350 N.E.2d 488, 491.

The granting of a continuance to permit preparation for a case, or for the substitution of counsel, necessarily depends upon the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court. (*People v. Surgeon*, (1958), 15 Ill. 2d 236, 154 N.E.2d 253; *People v. Clark* (1956), 9 Ill. 2d 46, 137 N.E.2d 54.) A conviction will be reversed when it appears that the refusal of additional time in some manner embarrassed the accused, impeded the

preparation of his defense or prejudiced his rights. *People v. Solomon* (1962), 24 Ill. 2d 586, 589-90, 182 N.E.2d 736, 738.

The record in the instant case clearly reflects that defendant was denied his right to counsel of his own choosing and that this denial embarrassed and prejudiced him in the preparation of his defense. Defendant wished to be represented by privately retained counsel—apparently the same counsel who represented his interests when he entered the negotiated arson plea and who would represent him at the trial for the offenses underlying the revocation petition.

■■ Representation in separate proceedings by different lawyers who, quite possibly have inconsistent defense theories, or who are giving incompatible advice in separate proceedings involving the same conduct of their client would not only be frustrating to counsel but enigmatic to the defendant. If both lawyers want defendant to testify in his own behalf, one might find his client's testimony being impeached with prior testimony of which counsel is not entirely aware. A defendant who requests continuances to secure private counsel in a probation revocation hearing and a trial for the offenses underlying the revocation petition should not be hustled into the revocation hearing by the denial of a continuance in that hearing where a continuance to secure private counsel has already been granted for the pending trial.

A violation of the terms of probation need only be proved by a preponderance of the evidence, while a criminal offense must be proved beyond a reasonable doubt. (*People v. Huff* (1976), 44 Ill. App. 3d 273, 275, 357 N.E.2d 1380, 1382.) This principle, however, should not be used as a device which hustles a defendant into a revocation hearing without counsel of his own choosing so as to accommodate the State with the lesser obligation of proof. Such a procedure not only denies the effective assistance of private counsel in the revocation hearing but also denies him the full competence of counsel in the trial for the offenses underlying the petition. Too frequently, a dismissal of the charges underlying the petition, after defendant's probation has been revoked is seen as an apparent lack of sincerity by the State and as a denial of defendant's right to be proved guilty beyond a reasonable doubt.

■■ While we have neither the authority nor inclination to direct prosecutorial strategy, we do hold that it is reversible error to force a defendant into an early probation revocation hearing (with its lesser burden of proof) by denying defendant a continuance to secure counsel of his own choosing, as is his clear right. The court should have allowed defendant's motion for a continuance to obtain private counsel for the revocation hearing.

■■ We also note that the sentencing judge at defendant's probation

revocation hearing was not the same judge who sentenced defendant on the arson charge. Nothing was said at the sentencing hearing about the facts underlying the arson conviction. The record does not disclose, nor can we presume that the judge reviewed the presentence report, if any, from the arson proceeding. The record instead reflects that the sentencing judge at the probation revocation hearing reviewed the circumstances of defendant's arrest for aggravated battery and obstructing a police officer before resentencing defendant on the arson conviction. This procedure is, in itself, sufficient reason for reversal of this case, because a defendant may only be sentenced for the crimes of which he stands convicted. He cannot be sentenced for revoking offenses of which he has not been convicted. *People v. White* (1968), 93 Ill. App. 2d 283, 235 N.E.2d 393; *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309.

Accordingly, we remand this case for a new hearing on the petition to revoke defendant's probation.

Reversed and remanded with directions.

CRAVEN, P. J., and TRAPP, J., concur.