THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES RIVERA, Defendant-Appellant.

First District (5th Division)   No. 77-1763

Opinion filed September 1, 1978.

50

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was convicted of robbery and sentenced to serve not less than one year nor more than three years. He was tried with an accomplice, who was not involved in this appeal, and it is contended on appeal that he was deprived of due process by the denial of his motion for a continuance so that he could present a defense witness.

It appears that just after midnight on an evening in November 1974, two police officers observed two men hitting and kicking a man lying on the ground. Officer Harte recognized defendant, with whom he had prior street contacts, as one of the two men and he also saw defendant "yanking" something from the victim's rear pants pocket. When the officers approached, the two men started to run away, and Harte saw one of the men (Jose DelValle) throw an object to the ground, which after it was retrieved by Harte was identified by the victim, Jose Mercado, as his wallet. After a brief chase, the officers apprehended both men. Officer Specht corroborated Harte's testimony as to the beating by the two men and the arrest.

Mercado testified for the State that he stopped at a restaurant to purchase food to take to his home. He paid for the order in cash from a wallet which he kept in his rear pants pocket. While walking to his car, he was grabbed from behind, thrown to the ground, and repeatedly punched and kicked. After the beating, he realized that his left rear pants pocket was ripped and

his wallet was gone. Officer Harte later showed him a wallet which he identified as his.

DelValle, who was tried along with defendant for the robbery, testified that he was seated in a booth in the restaurant talking with defendant and a waitress named Shirley. He saw Mercado enter the restaurant and buy some food and beer which he paid for with cash from his wallet. Later, Shirley told them that "an old man" had fallen down across the street. He and defendant went outside to assist the man, who appeared to be drunk. As they were trying to help the man to his feet, defendant saw Officer Harte who he said was always trying to "bust" him for something and, because he had a bottle of wine in his possession, defendant suggested that they leave but as they started to run away they were stopped and taken into custody. DelValle denied the use of force on Mercado or that his wallet was taken by either of them.

DelValle finished testifying at about 4:30 p.m., and defense counsel then moved for a one-day continuance, giving as his reason that a witness was not present to testify. The State objected on the ground that defendant had failed to comply with its motion for discovery. Answering inquiries of the court, defense counsel stated that the witness was Shirley (the waitress at the restaurant), that he saw Shirley for the first time on the Saturday before the trial, that at that time she indicated a reluctance to testify, and that she had not been subpoenaed because he did not know her home address although he knew that she was still working at the restaurant.

When the trial court denied a continuance, defendant took the stand and testified that he went to the restaurant, saw Shirley sitting with DelValle, and sat down to talk with them. Shirley later told them "some guy" had fallen across the street and, at her request, he and DelValle walked across the street to help the man, who was intoxicated. When he saw Officer Harte approaching, he decided to leave because he had a bottle of wine and Harte was always arresting him for something. He and DelValle ran across the street, where he threw away the bottle of wine— after which they were stopped and taken into custody by the officers. He stated that he did not punch or kick Mercado and that he did not remove a wallet from his pants pocket.

OPINION

■■ Defendant contends that the denial of his motion for continuance to secure the attendance of a witness deprived him of his constitutional right to present a defense. He argues that in effect the trial court imposed an exclusionary sanction on him for his failure to name a witness in response to the State's discovery motion. We disagree. In *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856, it was held that the failure to raise an issue in the trial court constitutes a waiver and that this rule applies to constitutional

issues (see also *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403). Here, as defendant raised the constitutional issue for the first time on appeal, we hold that it was waived and we find that under the facts and circumstances, as will appear as this opinion unfolds, the exclusion of the witness does not achieve the status of plain error under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)). Moreover, from our review of the record we find no support for defendant's argument that the trial court, in denying his motion for a continuance, imposed a sanction on him for failure to comply with the State's request for a list of witnesses. To the contrary, it appears that it considered this failure together with the question of defendant's diligence in securing the witness' attendance and any resulting prejudice. The issue, therefore, to be resolved is whether the trial court erred in denying defendant's motion for continuance.

■■■ In this regard, it is well settled that a motion for a continuance to procure a witness is directed to the sound discretion of the trial court (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e)), and its disposition will not be disturbed on appeal without a showing of a clear abuse of that discretion (*People v. Clayborne* (1977), 47 Ill. App. 3d 202, 361 N.E.2d 1141; *People v. Young* (1977), 46 Ill. App. 3d 798, 361 N.E.2d 301). The granting or denial of a continuance is a matter to be determined under the particular facts and circumstances surrounding the request. (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230; *People v. Clark* (1956), 9 Ill. 2d 46, 137 N.E.2d 54, *cert. denied* (1957), 352 U.S.1002, 1 L. Ed. 2d 546, 77 S. Ct. 559.) When reviewing the exercise of discretion in the denial of a continuance to obtain the presence of a witness, this court must determine whether defendant acted diligently (*People v. Timms* (1978), 59 Ill. App. 3d 129, 375 N.E.2d 1321; *People v. Robinson* (1973), 13 Ill. App. 3d 506, 301 N.E.2d 55); whether the witness' testimony is material and could have affected the outcome of the case (*People v. Arndt; People v. DeMary* (1967), 37 Ill. 2d 364, 227 N.E.2d 361); and whether defendant's right to a fair trial has been prejudiced (*People v. Lott* (1977), 66 Ill. 2d 290, 362 N.E.2d 312; *People v. Kane* (1975), 31 Ill. App. 3d 500, 333 N.E.2d 247; *People v. Banks* (1974), 19 Ill. App. 3d 857, 312 N.E.2d 332).

■■ Here, defendant was aware that Shirley had some information concerning the occurrence. Nevertheless, from the record it appears that the only contact with her concerning her appearance as a witness after the occurrence in November 1974 was by defense counsel on the Saturday before the trial commenced, and although she informed him of her reluctance to testify, she was not subpoenaed then or at any other time to appear for trial. These circumstances indicate a lack of diligence in securing the attendance of this witness at trial. See *People v. Timms*, where a lack of diligence was found where counsel failed to subpoena a witness who was not reasonably expected to come in on his own.

Further, we find unpersuasive defendant's argument that his counsel

could not have subpoenaed the witness because he did not know her home address, as it appears that counsel admitted knowing that she was still employed at the restaurant where she could have been subpoenaed.

The denial of the motion for continuance is also supported by defendant's failure to establish that her testimony was vital to the defense, as he contends. DelValle testified that he did not know whether Shirley observed he and defendant when they were outside with Mercado, and no offer of proof was made concerning Shirley's knowledge in this regard. Without such an offer or a statement by counsel indicating she had seen defendant while he was outside the restaurant with Mercado, the only testimony in the record of her knowledge concerning the occurrence is that she saw Mercado fall across the street and asked defendant and DelValle to assist him. Thus, her testimony would have given corroboration only to defendant's motivation in leaving the restaurant but in no way would have supported his or DelValle's testimony as to their actions at the time of the robbery. The absence of a witness whose testimony would corroborate only collateral aspects of a defendant's testimony has not been considered sufficient justification for a continuance. *People v. Edwards* (1973), 55 Ill. 2d 25, 302 N.E.2d 306, *cert. denied* (1974), 415 U.S. 928, 39 L. Ed. 2d 486, 94 S. Ct. 1438; *People v. Timms.*

In the light thereof, it is difficult to envision what prejudice was occasioned to defendant in the denial of his motion for a continuance and, considering the testimony of Mercado and the police officers, we are of the belief that the outcome of this cause would not have been different had testimony been received from Shirley that she had asked defendant and DelValle to assist Mercado. Moreover, while section 114—4(b)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(b)(3)) provides that a continuance may be granted on motion of defendant where a material witness is unavailable and the defense may be prejudiced by the absence of his testimony, it also states that "this shall not be a ground for continuance if the State will stipulate that the testimony of the witness would be as alleged." Thus, it has been held that it was not an abuse of discretion to deny a continuance where, as here, the defense gave the State no opportunity to stipulate to the testimony of the absent witness. *People v. Weiss* (1969), 111 Ill. App. 2d 143, 249 N.E.2d 99. See also *People v. Prochut* (1963), 27 Ill. 2d 298, 189 N.E.2d 290.

Accordingly, we hold that under the circumstances of this case, the denial of defendant's motion for continuance was not an abuse of discretion, and we affirm the judgment of the trial court.

Affirmed.

LORENZ and WILSON, JJ., concur.