THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GILBERT POLK, Defendant-Appellant.

First District (3rd Division)   No. 77-1819

Opinion filed March 21, 1979.—Rehearing denied May 1, 1979.

Howard T. Savage, of Chicago (Howard O. Edmonds, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant Gilbert Polk was charged with the murder of Randy Blaylock. Following a jury trial, he was convicted of voluntary manslaughter and sentenced to a term of 6-20 years. He contends that he was not proven guilty beyond a reasonable doubt and reversible error was committed during the trial. Alternatively, he claims his sentence should be reduced. We affirm.

During the evening of January 15, 1974, the defendant and the victim, Randy Blaylock, had a fight on the steps of a tavern in Chicago. The defendant had been giving Blaylock money to keep peace with him, but he refused to give him any money that evening and the fight ensued. The police halted the fight and the defendant left the scene.

Later that evening, the defendant realized he had left his jacket at the tavern and decided to retrieve it. Enroute to the tavern, while he was in his automobile, he saw the victim's brother, Michael Blaylock. The defendant's face was swollen and bruised from the fight. He told Michael, "Well, you see what your brother did to me * * * I got to protect myself."

Michael set out to locate his brother; he finally found him at a house about two houses from the tavern. Michael repeatedly warned Randy that the defendant was going to kill him. Ignoring Michael's pleas, Randy

walked to the street corner; his right hand was positioned in the belt or waistband of his pants. Several witnesses testified that this was his normal manner of walking. The defendant testified that when he saw Randy and the position of his hand, he was afraid that Randy had a gun. Other witnesses stated that they were unable to determine if Randy had a gun since his hand remained in his belt. Randy was, in fact, unarmed.

The defendant started to run as Randy approached, but stopped, because he was afraid of falling due to the injuries suffered earlier in the evening. Witnesses testified as to a conversation that then took place between the two men. According to the witnesses, Randy said that he had been told the defendant was looking for him; the defendant denied it; and Randy said he wanted to straighten out the matter. Defendant testified that it seemed Randy made a move to take his hand out of his belt. As Randy came within four to ten feet of the defendant, the defendant shot him three times with a gun purchased earlier that day; he immediately fled. The defendant surrendered to the police two days later. He testified that he did not intend to kill Randy, but rather was attempting to save his own life.

Defendant initially argues that the evidence was insufficient to prove him guilty of voluntary manslaughter beyond a reasonable doubt. A person commits voluntary manslaughter if he intentionally or knowingly kills another while acting under an unreasonable belief that the killing is justified. (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(b).) A killing is justified if the person reasonably believes that force intended or likely to cause death or great bodily harm is necessary to prevent imminent death or great bodily harm to himself. (Ill. Rev. Stat. 1973, ch. 38, par. 7—1.) In short, the question here is whether the jury properly found that defendant Polk unreasonably believed that the force he used was necessary to prevent such harm to himself.

In the present case, the defendant returned with a gun to the site of the earlier fight. In his attempt to convince the jury that he believed the victim was about to pull out a weapon, the defendant testified that the victim made a move to take his hand out of his belt. However, other testimony indicated that his hand remained in his belt. Indeed, the victim was unarmed.

■■■ Although we recognize it is not necessary that the apparent danger prove to be real or that the victim be armed with a deadly weapon in order for a person to have a reasonable belief that his life is endangered to the point of justifying a killing, we think the jury could have properly concluded that the defendant could not reasonably have believed that the killing was necessary to prevent his own death or great bodily harm at the hands of the victim. (*People v. Diaz*, 38 Ill. App. 3d 447, 454, 348 N.E.2d

199, 205 (1976).) It is for the jury to decide whether a homicide is manslaughter or justifiable self-defense. A reviewing court will not disturb the jury's verdict unless the evidence is so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of the defendant's guilt. (*People v. Jordan*, 18 Ill. 2d 489, 492, 493, 165 N.E.2d 296, 298 (1960).) We believe the evidence was sufficient to support the verdict.

Defendant claims that reversible error occurred during the testimony of his wife on cross-examination. On direct examination, Mrs. Polk testified regarding a prior rape and robbery experienced by her. This testimony was offered to corroborate the defendant's contention that he had purchased the gun for his wife's protection. On cross-examination, Mrs. Polk was asked if he had gone to the police on any occasion other than those times mentioned in her previous testimony and she gave a negative answer. The prosecutor then asked her the following question:

> "Calling your attention to October 9, 1972, do you recall going to the police and making a complaint that Gilbert Polk had fired a gun at you and signing that complaint?"

The judge immediately ordered the question stricken and directed the jury to disregard it. The witness did not answer the question. The prosecutor then asked Mrs. Polk if she had made other police reports and the judge sustained an objection to this question. The question was not answered.

■■ ■ Where a defendant has been proven guilty beyond a reasonable doubt by competent evidence, a reviewing court will not overturn the jury's verdict because of improper but unanswered inquiries unless the conduct of the prosecutor has been so prejudicial that the conduct produced a result which otherwise would not have been reached. (*People v. Rodriguez*, 58 Ill. App. 3d 562, 568, 374 N.E.2d 904, 908 (1978).) In the present case, the record establishes that the defendant was proven guilty beyond a reasonable doubt and that the incident did not produce a result which otherwise would not have been reached. Consequently, even if we concede that the questions propounded were improper, any error caused by the questions was harmless. The trial judge cured and rendered harmless any error that may have occurred by promptly striking and directing the jury to disregard the initial question. *People v. McClure*, 42 Ill. App. 3d 952, 956, 356 N.E.2d 899, 902 (1976).

Defendant maintains that the trial court erred in giving the jury an instruction on circumstantial evidence (IPI Criminal No. 3.02). The defendant did not object to the challenged instruction during the conference on instructions in the trial court. It is well-settled that the failure to object to an instruction at the trial level constitutes a waiver of

the right to object on appeal. (*People v. Diaz*, 38 Ill. App. 3d 447, 455, 348 N.E.2d 199, 206 (1976).) Moreover, even if the defendant had made a timely objection at trial, his challenge to the instruction would fail because there was circumstantial evidence concerning the issue of self-defense, including evidence as to the defendant's state of mind at the time of the shooting. It was, therefore, proper to instruct the jury regarding circumstantial evidence. The defendant's contention is untenable.

A further contention of the defendant is that the trial judge abused his discretion when he denied the defendant's request for a continuance to allow him to call a witness, Waddell Street, to testify. At the conclusion of the trial day on Thursday, October 6, 1977, defense counsel represented that Street would be in court to testify the next day. However, on Tuesday, October 11, the witness had not yet been produced. The trial judge warned defense counsel that he would not tolerate any further delay and instructed counsel to have him present by the time the other witnesses completed their testimony. When Street was not produced, the trial judge refused to delay the trial, but permitted defense counsel to make an offer of proof as to Street's testimony. The offer of proof revealed that Street would have testified as to the prior fight between the defendant and the victim and that the defendant had given him a ride in his automobile after the fight.

■■ ■ Defense counsel did not give any explanation for Street's absence and did not demonstrate any effort to assure Street's appearance other than having left a message instructing him to appear in court. In seeking a continuance to produce a witness, however, facts must be presented showing a diligent effort to have the witness present and where such facts are not shown the motion is properly denied. (*People v. Boyce*, 51 Ill. App. 3d 549, 560, 366 N.E.2d 914, 923 (1977).) Merely leaving a message to have a witness appear in court does not demonstrate sufficient diligence to support a motion to continue the trial if the witness does not appear.

■■ A request for a continuance during a trial is addressed to the discretion of the trial judge and his ruling will not be reversed unless there is a showing that he abused the discretion. (Ill. Rev. Stat. 1977, ch. 38, par. 114—4(e); *People v. Lott*, 66 Ill. 2d 290, 296, 362 N.E.2d 312, 314 (1977).) On appeal, the circumstances of each case must be weighed, particularly the reasons presented to the trial judge at the time the request is denied. (*Lott*, 66 Ill. 2d 290, 297, 362 N.E.2d 312, 315.) Applying this procedure, we do not feel the trial judge abused his discretion in denying the defendant's motion for a continuance.

■■ We have reviewed the other errors claimed by the defendant to warrant a reversal and we have similarly found them without merit. The defendant's request that his sentence of 6-20 years be reduced by this

court to 2-6 years is denied since the defendant has not shown that the trial court abused its discretion in imposing the sentence. See *People v. Perruquet*, 68 Ill. 2d 149, 156, 368 N.E.2d 882, 885 (1977).

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.