THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES HARRIS, a/k/a James Kilgone, Defendant-Appellant.

First District (5th Division)     No. 80-949

Opinion filed March 27, 1981.

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Gael McCaughey-O'Brien, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a jury trial, defendant was convicted and sentenced for armed robbery. The principal contention raised on appeal was that he was denied a fair trial and deprived of the effective assistance of counsel when his request for a continuance was refused. He also raises questions concerning an instruction to the jury, the prosecutor's argument, and the sentencing procedure. We will consider, however, only the principal contention, as it is our view that a continuance should have been granted.

The record discloses here that defendant was charged, by information, with the armed robbery of a cab driver and, at about the same time, he was indicted for another and separate armed robbery. The cases were called for trial together on several occasions and continued each time by agreement. When they were again called on May 23, 1979, the State had not yet elected on which case to proceed, and the following colloquy took place between the court, the prosecutor, two defense attorneys (public defenders), and defendant:

"THE COURT: Which of the two files had the State elected on?

MR. FAKLIS [prosecutor]: We haven't made an election, Judge.

* * *

THE COURT: All right. What I would like here is for the State to elect on one of these, and I will set it down for trial on a future date.

* * *

MR. FAKLIS: Well, we will elect on 7321.[1]

THE COURT: The State has a right to decide on which of these cases they want to proceed on first. They tell me they want to proceed first on 7321. In that case, I will set it for trial with subpoenas for the next time around.

MR. FAKLIS: What day do you want to try it, Dennis?

THE COURT: It will be by agreement?

MR. KARNS [defense counsel]: Sure.

DEFENDANT KILGONE: No, not by agreement.

THE COURT: You are ready for trial today?

---

[1] The indictment.

MR. GOGGIN [another prosecutor]: Let's pick a jury.·
DEFENDANT KILGONE: Pick a jury today on it.

＊ ＊ ＊

THE COURT: We will pass it for the moment. Maybe we will pick a jury today.

DEFENDANT KILGONE: Your Honor, I also would like to have another lawyer.

THE COURT: Oh, come on now. You are ready for trial, and now you want another lawyer.

DEFENDANT KILGONE: I have to have somebody that speaks for me and not the State.

THE COURT: If you want a trial, you are on trial.

DEFENDANT KILGONE: I have to have an attorney."

The case was then passed while the court heard other matters, after which both defense attorneys informed the court that because the State had not made an election until that morning, they were not ready for trial and a request was again made that the case be assigned a future date for trial with subpoenas. The court denied the request, stating, "The defendant wanted a trial. ＊ ＊ ＊ [Y]ou are on trial." The court then asked defendant whether he wanted a jury or a bench trial, and he replied, "I am not ready for trial." Later that day at the commencement of trial, the motion for continuance was renewed on the basis that the defense attorneys were not ready for trial. The motion was again denied, following which defendant informed the court that he would defend himself. When the court advised him against doing so, defendant said that he did not want his attorneys to represent him because they had stated they were not ready for trial, and since the court would not assign another lawyer he felt that he had to represent himself. The court then directed the public defender to sit next to defendant during the trial to provide assistance when requested.

During the trial, defendant made an opening statement, cross-examined the three defense witnesses, appeared at the instruction conference, and made his own closing argument with the record not indicating that the public defender participated in the trial.

OPINION

■■ The granting or denial of a request for continuance is to be determined under the particular facts and circumstances surrounding the request (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230), which is directed to the sound discretion of the trial court (Ill. Rev. Stat. 1977, ch. 38, par. 114—4(e); *People v. Rivera* (1978), 64 Ill. App. 3d 49, 380 N.E.2d 1018), and a conviction will be reversed when it appears that refusal to grant continuance embarrassed defendant, impeded preparation of his

defense, or prejudiced his rights (*People v. Clayborne* (1977), 47 Ill. App. 3d 202, 361 N.E.2d 1141).

■■ We initially note that the instant case had not been set for trial when it was called on May 23, 1979. The State had not yet made an election as to which case would be tried, and it appears from the colloquy set forth above that neither the parties nor the trial court expected that either case would be tried on that day. In fact, the court stated that when the State made its decision, a future trial date would be set for that case with subpoenas. It also appears clear that the continuance was refused solely because, as stated by the court, "The defendant wanted a trial." We note, however, that defendant made this statement without having discussed the question of trial with his attorneys, and they had not announced that they were ready to proceed that day. To the contrary, after defendant made the statement to the court, his attorneys renewed their request for a continuance on the basis that they were not ready for trial. Furthermore, defendant subsequently informed the court that he was not ready for trial, and it was reported to the court by his attorneys that he may have made the statement about picking a jury that day in the belief that it was the other case which would go to trial. In addition, defendant indicated to the court that he had lost confidence in his attorneys because they were not prepared and stated that he would have to defend himself if another attorney were not appointed. We think that under those facts and circumstances, the trial court abused its discretion in denying a continuance, and there appears little question that defendant was prejudiced thereby.

The cases relied upon by the State do not support the denial of the continuance in the instant case. In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, this court found no abuse of discretion in the denial of a motion for continuance made on the trial date which was set on demand of defendant and who had been admonished that no continuances would be granted. Here, of course, there was no set trial date, no such admonishment, and defendant could not reasonably have expected he would go to trial when the State had not elected which case would be tried. The other cases cited by the State, *People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94, and *People v. Burnett* (1979), 73 Ill. App. 3d 750, 392 N.E.2d 235, likewise are not supportive. In *Solomon*, the case had been set for trial on the demand of defendant, and a request for continuance was made on the trial date by his court-appointed attorney because defendant had refused to cooperate with him. The court held it was not an abuse of discretion to deny the continuance, stating, "Since defendant utterly refused to cooperate with his counsel, he cannot now be heard to complain that the denial of the motion for continuance embarrassed his defense or prejudiced his rights." (24 Ill. 2d 586, 590, 182 N.E.2d 736, 738.) In *Burnett*, the

case had also been set for trial on the demand of defendant and, when the trial was about to commence, defendant moved for a continuance because he did not have the transcript of the preliminary hearing held 4½ years prior. The court held there was no abuse of discretion in the denial of a continuance in the absence of any showing of a diligent effort to obtain the transcript prior to trial. In the instant case, as pointed out above, not only was there no trial date set but defendant could not reasonably have been expected to proceed to trial when the request for continuance was made.

In view of our finding that the continuance should have been granted, it will not be necessary to consider the other issues raised by defendant.

For the reasons stated, the conviction and sentence are reversed, and the matter is remanded for a new trial.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.