THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS BRYANT, Defendant-Appellant.

First District (5th Division)   No. 80—1682

Opinion filed March 4, 1983.—Rehearing denied June 15, 1983.

Ralph Ruebner and Susan Kaplan, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joel A. Stein, and David King, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Following a jury trial, defendant was convicted of attempt escape

(Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 31—6) and sentenced to a term of 10 years' imprisonment in the Illinois Department of Corrections.

On appeal he argues that: (1) effective waiver of counsel was not established pursuant to Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)); (2) the trial court abused its discretion by refusing to grant him a continuance to procure a witness for his defense; (3) the trial court erred in limiting his cross-examination thereby depriving him of a fair trial; (4) the trial court abused its discretion in sentencing him to the maximum term under the extended term statute; (5) evidence concerning the nature of his underlying convictions was improperly admitted; (6) the trial court erred in refusing to answer a question submitted to it by the jury; (7) the prosecutor's remarks during closing argument constituted reversible error.

Material to our disposition are the following facts. On February 8, 1980, defendant was charged with escape from the Cook County jail. At a preliminary hearing, probable cause was found for attempt escape and the information was subsequently amended.

On May 7, 1980, defendant requested appointment of a bar association attorney citing "lack of communication" between himself and his appointed counsel. The court denied this motion but appointed another assistant public defender, Phillip Olson, who subsequently informed the court that defendant wished to represent himself. Defendant was granted leave of court to represent himself with the public defender as an adviser.

At the commencement of trial on May 19, 1980, Olson asked the court to clarify his status in the case, and the trial judge responded that the defendant would represent himself with "you at his elbow." The court admonished defendant pursuant to Supreme Court Rule 401(a) and told him, *inter alia*, the range of sentences, including an extended-term sentence, and stated that the sentence could run consecutively to the sentence defendant was presently serving. The court read the information to defendant and informed him that he could call witnesses, cross-examine witnesses, take the stand on his own behalf or not, that defendant had a right to a lawyer and that the public defender could conduct his defense. The court then denied the public defender's motion for leave to withdraw.

The venire was brought in and the trial judge read the charge against defendant, including his prior armed robbery conviction. Following jury selection, Olson asked for a mistrial on the basis that the jury should not have been informed about the nature of the prior conviction and pending escape charge, and that defendant had not seen

photographs of the jail which the State intended to put into evidence. In denying the motion, the court stated that defendant's lawyers had seen those photos earlier that day and that the conviction was part of the charge.

Trial commenced on May 19, 1980. The following evidence was adduced at trial.

On December 2, 1979, defendant was incarcerated in Cook County jail as the result of an armed robbery conviction and a pending escape charge and was confined to a fourth-floor cell immediately below the roof.

Officer Kenneth Washington testified for the State that he was a guard assigned to the tier where defendant's cell was located and that three prisoners were discovered to be missing following his head count.

A search was initiated, and when additional officers arrived, he went to the roof and noticed bed sheets tied to one of the windows leading from a higher roof to a lower roof. Defendant conducted a cross-examination of this witness, wherein the State's objections to testimony relating to gangs in the prison were repeatedly sustained.

Officer Nadine Kmiec, an employee of the Cook County Department of Corrections' record office, identified an arrest history card showing that defendant was in jail on December 2, 1979, on an armed robbery conviction and a pending escape charge. This exhibit was admitted into evidence as a business record over defendant's objection.

Officer Milton Dixon, a guard at the Cook County jail, was called as the State's witness and identified and explained the photographs of the jail, which were admitted into evidence and published to the jury, and further stated that during the course of the search he found defendant and a second inmate, Charles Anderson, lying on top of the pipes in the prison transformer building less than 100 yards from the outer fence of the jail.

The State rested its case, and defendant's motion for a directed verdict was denied.

Defendant asked to call inmate Anderson as a witness on his behalf although he had not previously been subpoenaed. In denying defendant's request, the court noted that the case had been held on trial call for two weeks prior to commencement of trial. The defense rested. During the conference on jury instructions, the defendant's tendered instructions regarding the defense of compulsion were refused.

The State's closing arguments included an account of the commission of the offense. Defendant delivered his own closing argument,

and following rebuttal argument, the jury was instructed and excused for deliberations.

During deliberations, the jury sent a note to the judge which stated: "Was Byrant [sic] given sufficient time in order to get any witnesses for his defense." In responding to the note, the trial court brought the jury into the courtroom in the presence of defendant and Olson, and said, "*** as I told you at the time you were selected as jurors, that you would hear the evidence in the case from the witness stand, and you did, and this inquiry is outside the evidence of the case. It is an improper inquiry. It has nothing to do with the case, ***" and excused the jury. Olson thereupon asked the court to read the note into the record and the court stated that it would be filed in the case "as you usually file them on the sheet of paper." When defendant asked to see the note, the following colloquy ensued:

"The Defendant:    May I see the note.
The Court:    Talk to your lawyer.
The Defendant:    I am my lawyer.
The Court:    Take him back."

The jury subsequently found defendant guilty of attempt escape. At the sentence hearing, Olson presented a motion for a new trial and in arrest of judgment which he had prepared at defendant's request. Both motions were denied. Following a hearing in aggravation and mitigation, the trial court sentenced defendant to an extended term of imprisonment of 10 years to run consecutively to two previously imposed sentences.

Prior to oral argument on this appeal, defendant's underlying conviction for armed robbery was reversed by this court and petition for leave to appeal was allowed. The supreme court reversed the appellate court decision and affirmed the defendant's conviction in the trial court on January 24, 1983, in *People v. Bryant* (1983), 94 Ill. 2d 514.

OPINION

■ Defendant first argues that effective waiver of counsel was not established pursuant to Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)), and although the State's argument that defendant waived this issue in his motion for a new trial is an accurate statement of law, it is within our discretion to review issues not properly preserved for review where substantial rights of the defendant may be affected (87 Ill. 2d R. 615(a)), and we believe that it is particularly appropriate to consider such an issue here. *People v. McKinney* (1978), 62 Ill. App. 3d 61, 378 N.E.2d 1125.

He argues that he did not knowingly and intelligently waive his

right to counsel due to the trial court's alleged failure to comply with Supreme Court Rule 401(a), which requires that the defendant be advised by the trial court of the nature of the charge against him, the minimum and maximum sentence, and his right to counsel.

Here, the trial court asked defendant in open court: "Now we get to the matter that Mr. Olson, the public defender here raises. *** the question is, do you wish Mr. Olson to be your associate counsel during the course of your trial, or do you not? Do you wish him to conduct your defense, or do you wish to conduct it and have him just available for any questions that you may want to ask?" Defendant responded, "Well, —well, I decided to be available for any questions that I may ask [sic]." Shortly thereafter, the court related to defendant that "Mr. Olson will be here sitting at the counsel table throughout the trial of the case, and you may consult with him at any time that you chose [sic]."

At the close of the State's case, the court stated: "I want the record to show that even though the defendant has conducted his own cross-examination throughout the trial of this case, that he has conferred throughout the trial at counsel table with Mr. Olson, the Public Defender ***." The record further indicates that Olson made several motions and objections on defendant's behalf, participated in a sidebar conference, and argued at the sentencing hearing.

The purpose of Supreme Court Rule 401(a) is to provide a procedure which will eliminate any doubt that a defendant understands the nature and consequences of the charge against him before a trial court accepts his waiver of the right to counsel. 87 Ill. 2d R. 401(a).

However, when a defendant requests that he be allowed to conduct his own defense with assistance of a court-appointed lawyer, he does not waive the right to counsel. (*People v. Lindsey* (1974), 17 Ill. App. 3d 137, 141, 308 N.E.2d 111.) He seeks, instead the best of both worlds: freedom to conduct his own defense and benefit from the assistance of counsel. (*People v. Lindsey* (1974), 17 Ill. App. 3d 137, 141, 308 N.E.2d 111.) It is within the trial court's discretion to decide whether defendant may have an attorney to assist and advise him (*People v. Allen* (1967), 37 Ill. 2d 167, 226 N.E.2d 1, *cert. denied* (1967), 389 U.S. 907, 19 L. Ed. 2d 225, 88 S. Ct. 226), and in such instances, the admonitions of Rule 401(a) need not be given because defendant has not made a waiver of counsel within the meaning of the rule. *People v. Pittman* (1979), 75 Ill. App. 3d 683, 394 N.E.2d 702.

In the present case, as in *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 141, 308 N.E.2d 111, the defendant told the trial court

that he wanted to conduct his own defense, with his lawyer remaining in the case to assist him. Moreover, we note that although defendant contends on appeal that he did not understand the nature of the charge or that consecutive sentencing was mandatory, the record here does reflect sufficient "substantial compliance" with Rule 401(a) (*People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105), and we hold that any alleged deficiency in the formality of the court's admonition was harmless. Nonetheless, we find that the rule admonitions need not have been given defendant because, by his request to conduct his own defense with his court-appointed lawyer assisting him, he did not make a waiver of counsel within the meaning of Supreme Court Rule 401(a).

We next consider defendant's argument that the trial court abused its discretion by refusing to grant him a continuance to procure a witness for his defense.

The grant or denial of a continuance to procure a witness is within the discretionary powers of the trial court (*People v. Timms* (1978), 59 Ill. App. 3d 129, 375 N.E.2d 1321), and its disposition will not be disturbed on appeal without a showing of clear abuse of discretion. *People v. Rivera* (1978), 64 Ill. App. 3d 49, 380 N.E.2d 1018.

Facts must be presented showing a diligent effort to have a witness present, and where such facts are not shown the motion is properly denied. (*People v. Polk* (1979), 70 Ill. App. 3d 903, 388 N.E.2d 864.) Moreover, the absence of a witness whose testimony would corroborate only collateral aspects of defendant's testimony is not sufficient justification for a continuance. *People v. Timms* (1978), 59 Ill. App. 3d 129, 375 N.E.2d 1321.

With these principles in mind, an examination of the record reveals that defendant sought to obtain a fellow inmate who had joined him in the escape attempt, Charles Anderson, as a witness during the middle of trial. However, defendant had approximately two weeks while the case was held on the trial call to procure Anderson's attendance, and we do not find that defendant has established a diligent effort to procure this witness. In addition, although defendant argues on appeal that Anderson's testimony was crucial to his compulsion defense, defendant did not make an offer of proof as to the substance of Anderson's testimony. Since we cannot speculate as to the nature of testimony which is *dehors* the record, defendant has failed to demonstrate that any prejudice to him resulted. Accordingly, we find that the defendant's motion for a continuance was properly denied.

Defendant next argues that the trial court unduly restricted his

cross-examination of Washington, claiming that he was thereby prevented from introducing evidence as to an affirmative defense of compulsion.

While the State initially argues that the defendant lacks "standing" to object because he did not admit to commission of the offense charged, we find this argument to be without merit as it is permissible for a defendant to argue his position in the alternative. Defendant, however, also argues that his cross-examination of the prison guard was improperly restricted as it was relevant to his affirmative defense of compulsion.

Limitation of cross-examination is a matter resting within the discretion of the trial court, and absent a clear abuse of that discretion, it will not be disturbed on review. *People v. Jones* (1975), 34 Ill. App. 3d 103, 339 N.E.2d 485, *cert. denied* (1976), 426 U.S. 953, 49 L. Ed. 2d 1192, 96 S. Ct. 3179.

We note that the compulsion which will excuse a criminal act must be present, imminent and impending, and will render a defendant not guilty of an offense only "if he reasonably believes death or great bodily harm will be inflicted upon him if he does not perform such conduct." Ill. Rev. Stat. 1979, ch. 38, par. 7—11.

A review of the testimony defendant sought to elicit from the guard in the present case relates to whether gangs threatened "other people's lives"; whether Washington personally knew if any inmates' lives had been threatened or if any hostile incidents would be kept in a log book; and what the procedure was when an inmate's life was in danger.

■■ Since the scope of the attempted cross-examination was not relevant to evidence of imminent threats of death, great bodily harm, or future injury to defendant himself but to other inmates, we find that this line of questioning constituted inadmissible hearsay and thus did not operate to properly raise an affirmative defense of compulsion as to defendant. We hold that the trial court did not err in limiting such cross-examination.

Lastly, defendant contends that the imposition of both a consecutive sentence and an extended sentence is excessive and constitutes improper "double enhancement" of the armed robbery conviction for which he was incarcerated at the time of the attempted escape.

■ We initially find defendant's argument concerning the consecutive sentence to be without merit. Section 5—8—4(g) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(g)) provides: "A sentence under Section 3—6—4 for escape or attempted escape shall be served consecutive to the terms under which the of-

fender is held by the Department of Corrections," and the trial court properly determined that imposition of a consecutive sentence was mandated by statute.

Defendant also argues, however, that imposition of an extended sentence was excessive and constitutes double enhancement. Again, we do not agree.

While a Class 3 felony such as attempt escape is normally punishable by imprisonment of not less than two years and not more than five years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(6)), the trial court, in its discretion, may sentence a defendant to an extended term of imprisonment of not less than five years and not more than 10 years following a conviction for a Class 3 felony (Ill. Rev. stat. 1979, ch. 38, par. 1005—8—2(a)(5)) where the "defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts ***." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).

An examination of the record reveals that defendant had been convicted of three felonies of a greater class: a 1977 robbery conviction, a 1979 armed robbery conviction, and a 1980 escape conviction, all of which occurred within the 10-year limit for imposition of an extended term. We also note that defendant's arguments pertaining to the reversal of his 1979 armed robbery conviction have been rendered moot by the supreme court decision affirming this conviction on January 24, 1983, in *People v. Bryant* (1983), 94 Ill. 2d 514. Consequently, we agree with the reasoning set forth in *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 963-64, 397 N.E.2d 932, 939, wherein the court stated: "There is nothing in section 5—5—3(b)(1) that indicates that a judge may not consider a prior conviction, resulting in incarceration, in sentencing a defendant to a discretionary extended term, when such sentence is imposed for the crime of escaping from such incarceration. The mandatory consecutive sentence for escape and the discretionary extended sentence for second offenders are not mutually exclusive. We do not find that the judge abused his discretion in sentencing the defendant to an extended term."

■ Accordingly, we hold that the trial court did not abuse its discretion in sentencing defendant to an extended term of imprisonment.

■ We have also considered defendant's arguments that prejudicial error occurred due to (1) the admission of prior convictions into

evidence, (2) the trial court's response to a question submitted to it by the jury, and (3) the alleged improper closing argument by the State, and we find that defendant did not raise these issues by either objecting at trial or including them in his motion for a new trial which was both prepared and tendered by the public defender and not by defendant, at the defendant's request. Accordingly, we find that defendant has waived these issues for purposes of appeal. *People v. Donald* (1977), 56 Ill. App. 3d 538, 371 N.E.2d 1101.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN and MEJDA, JJ., concur.