610

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PHILLIP TODD FINKLEA, Defendant-Appellant.

Fourth District   No. 4—89—0025

Opinion filed August 17, 1989.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and LeRoy Walter Lemke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:
Following a jury trial, the defendant was convicted of attempt (burglary) (Ill. Rev. Stat. 1987, ch. 38, par. 8—4) and sentenced to two years' imprisonment. The only issue defendant raises on appeal is that his pretrial motion for a continuance was improperly denied by the trial court.

We affirm.

On August 29, 1988, an information was filed charging the defendant with the offense of attempt (burglary). On that date he

was released on his own recognizance, a public defender was appointed pursuant to his request, and the cause was allotted for a preliminary hearing on September 9, 1988. On that later date, probable cause was found to believe that defendant committed the offense charged. The defendant was arraigned, and the case set for pretrial hearing on October 10, 1988, and for trial on October 17, 1988. A pretrial discovery order was entered on September 9, 1988, and the State filed its answer in open court.

On September 25, 1988, the defendant was arrested in Moultrie County on an unrelated charge and held in the Moultrie County jail. When the Macon County case was called for pretrial hearing on October 10, 1988, the defendant did not appear. His defense counsel, the same assistant public defender who represented him at the preliminary hearing, advised the court that he had had no contact with the defendant since the preliminary hearing.

On October 13, 1988, defense counsel was informed by the prosecutor that the defendant was incarcerated in Moultrie County. On October 14, 1988, at a pretrial hearing, defense counsel requested a continuance on the grounds that he had not conferred with his client. The motion was denied. Later that day, defense counsel went to the Moultrie County jail and spoke with the defendant over a phone for about 15 minutes.

On October 17, 1988, the case was called for trial and defense counsel again moved for a continuance on the ground that he was not prepared to go to trial. The motion was again denied. The case proceeded to trial, with two witnesses testifying for the State and the defendant testifying on his own behalf. The jury convicted the defendant of attempt (burglary).

In *People v. Killings* (1986), 150 Ill. App. 3d 900, 501 N.E.2d 1363, this court considered the propriety of the denial by the trial court of the defendant's motion for a continuance and stated the following:

"[T]he decision to grant or deny a motion for continuance, by law, lies in the sound discretion of the trial court. (*People v. Friedman* (1980), 79 Ill. 2d 341, 347, 403 N.E.2d 229, citing Ill. Rev. Stat. 1973, ch. 38, par. 114—4(e).) The statute specifically enumerates circumstances which mandate the granting of a continuance and additionally require[s] that diligence be shown on the part of the movant. (*People v. Lott* (1977), 66 Ill. 2d 290, 296, 362 N.E.2d 312, 314.) The granting of a continuance necessarily depends upon the facts and circumstances surrounding each request. *People v. Clayborne* (1977), 47 Ill. App.

3d 202, 361 N.E.2d 1141.

Upon review, a conviction will only be reversed when it appears that the refusal of additional time in some manner embarrassed the accused, impeded the preparation of his defense, or prejudiced his right[s]. (*People v. Clayborne* (1977), 47 Ill. App. 3d 202, 361 N.E.2d 1141.) The burden is on the defendant to show prejudicial error by the trial court.

Where a continuance is requested to permit preparation of the case, all surrounding facts and circumstances must be evaluated. If the trial transcript indicates that the trial counsel competently represented the defendant by filing pretrial motions to suppress, cross-examining prosecution witnesses, interposing objections throughout the trial, and offering a closing argument, there is no abuse of discretion in denying a continuance. (*People v. Hayes* (1972), 52 Ill. 2d 170, 175, 287 N.E.2d 465, 467.)" *Killings,* 150 Ill. App. 3d at 905-06, 501 N.E.2d at 1367.

Defendant cites two reasons in support of his argument that the trial court did not exercise sound discretion in refusing to grant a continuance: (1) no other continuances had been requested, and (2) denial of the continuance embarrassed defendant in preparing his case.

The absence of any previous motions for a continuance is merely one of the "surrounding facts and circumstances" to be evaluated by the trial court as it considers the defendant's request. It is a factor to be given whatever weight the court deems appropriate in the context of all other factors in the case. The defendant's argument seems to suggest that simply because he had made no previous motion for a continuance, his request for a continuance should have been granted. We cannot accept that contention.

In reviewing the exercise of the court's discretion in denying a motion for a continuance, the motion should be considered in the context in which it was presented to the trial court. Defense counsel's affidavit in support of his motion to continue, filed October 17, 1988, essentially stated the following: (1) defense counsel had had no contact with his client since the preliminary hearing on September 8, 1988; (2) defense counsel did not know where his client was until October 13, 1988, when he was advised by the prosecutor that the defendant was in Moultrie County; (3) defense counsel had consulted with the defendant, who gave defense counsel certain information regarding statements purportedly made by the defendant; and (4) defense counsel filed a motion to suppress based upon this information.

The affidavit was also filed in support of the defendant's motion to file a late motion to suppress the purported statements of the defendant. The latter motion was granted, and the motion to suppress was heard and denied.

Nowhere in the affidavit supporting the motion to continue or in the motion to continue itself does defense counsel suggest in what manner his preparation of the defendant's case might be embarrassed by a denial of the motion. At the hearing on the motion for a continuance, defense counsel merely made some vague references to investigating the possible use of an intoxication defense.

On December 7, 1988, a hearing was conducted on the defendant's post-trial motion. At that hearing, defense counsel argued that his pretrial motion for a continuance should have been granted. He reviewed the matters which had been originally presented to the court in support of that motion, but again failed to specify in any way how the court's denial embarrassed the accused or impeded the preparation of his defense.

The trial transcript demonstrates that the case on trial was rather simple and straightforward and that defense counsel competently represented the defendant by filing a pretrial motion to suppress, cross-examining the prosecution witnesses, interposing objections throughout the trial, and offering a closing argument. The uncomplicated nature of his case is a factor we emphasize because of its significance in our concluding that the trial court did not abuse its discretion.

For all the above reasons, we affirm the trial court.

Affirmed.

KNECHT and SPITZ, JJ., concur.