(No. 42767.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY HAYES, Appellant.

*Opinion filed May 22, 1972.—Rehearing denied September 29, 1972.*

GERALD W. GETTY, Public Defender, of Chicago (SUZANNE M. KOHUT and JAMES J. DOHERTY, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant was convicted of armed robbery and sentenced to the penitentiary for a term of 20 to 30 years, and he now appeals to this court. The Public Defender contends only that the sentence imposed was excessive but defendant's subsequently filed *pro se* brief raises numerous issues.

On August 25, 1967, at approximately 10:00 A.M., Thomas Stevens, the manager of the Bargain Basket food store in Chicago, was at his desk when a man touched him on the back and announced a robbery. Stevens turned and saw defendant who was holding a pistol. At trial defendant was identified by Stevens and by another store employee.

During the course of the robbery, which lasted about fifteen minutes, defendant and two accomplices took $6,000 from the cash registers and safe. The police were summoned and during their investigation a carton of milk was discovered near the store office. Tests indicated that two fingerprints matching defendant's were on the carton.

It is now urged that defendant's sentence was excessive. During the hearing in aggravation and mitigation the following evidence pertaining to his prior criminal record

was introduced. In 1957 he was convicted of larceny and damage to property and sentenced to 5 years imprisonment. In 1960 he was placed on one year probation for malicious mischief. He pleaded guilty to two charges of armed robbery and one charge of burglary in 1963 and was sentenced to concurrent terms of 5 to 10 years on each charge. *(People v. Hayes, 49 Ill.2d 298.)* He was paroled in December, 1966, and only nine months later was involved in the present occurrence.

This court may, under appropriate circumstances, "reduce the punishment imposed by the trial court." (Ill.Rev.Stat. 1971, ch. 110A, par. 615(b)(4).) The record reveals that defendant was 31 years of age at the time of his present conviction. During the preceding twelve years he was convicted on four other felony charges, two of which were for armed robbery. Under the facts presented we do not believe that a reduction of sentence is warranted. *People v. Caldwell, 39 Ill.2d 346; People v. Taylor, 33 Ill.2d 417.*

Defendant has filed a *pro se* brief alleging numerous issues which he claims require reversal of his conviction. He argues that the indictment charging him with the offense of armed robbery was fatally defective because it did not contain an allegation that he committed the offense with intent or knowledge. An indictment is sufficient if it charges the offense in the language of the statute "when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." *(People v. Patrick, 38 Ill.2d 255, 258.)* The indictment in the present case states that on August 25, 1967, "Larry Hayes committed the offense of armed robbery, in that [he], by the use of force, and while armed with a dangerous weapon, took six thousand dollars in United States currency from the person and presence of Thomas Stevens, in violation of Chapter 38, Section 18—2 of the Illinois Revised Statutes ***." The indictment was

phrased in terms of the statute and sufficiently informed defendant of the charge. Therefore, we find defendant's contention without merit.

He next contends that his conviction must be reversed because he was not afforded a preliminary hearing. However, the law applicable at the time of his trial did not necessitate a preliminary hearing where an indictment was returned providing full information as to the crime charged. *People v. Petruso, 35 Ill.2d 578, 580.*

It is also urged that error was committed when the trial court failed to grant a hearing on his motion for a substitution of judges. We have searched the trial transcript and can discover only one such motion which was made by a co-defendant. Upon inquiry, defendant's counsel stated: "I represent Hayes and we do not join in this motion".

We reject defendant's contention that he was denied proper discovery. The record indicates that defense counsel was given portions of grand jury testimony as well as copies of the police reports relevant to defendant at appropriate times during the course of the trial, which might have been used for purposes of impeachment. See *People v. Allen, 50 Ill.2d 280, 286.*

Defendant also argues that he was denied his right to counsel during photographic identification procedures. On September 3, 1967, he was admitted to a hospital for treatment of an injury. While recovering from surgery, he alleges that he was photographed. Several days later the two witnesses, who identified him at trial, viewed a lineup and identified his alleged accomplices. At its conclusion the police showed his picture to each of the witnesses and he was identified by Thomas Stevens and a cashier. The record does not clearly indicate the total number of pictures used in the photographic identification procedure nor which of defendant's pictures were shown to the witnesses. However, after a hearing, the motion to suppress this testimony was denied.

Defendant apparently was physically unable to partici-

pate in the lineup, thereby necessitating a photographic identification, and we have held that the presence of defense counsel is not required in such procedures when the accused is not present. *(People v. Holiday, 47 Ill.2d 300, 307.)* Moreover, even assuming that defendant's picture was identified during an unnecessarily suggestive procedure, a sufficient independent basis of identification exists to sustain his in-court identification.

At trial, Thomas Stevens stated that he turned and saw defendant after the robbery was announced. Stevens then entered the store office and defendant apparently followed and watched as he emptied the cash drawer and safe. The manager stated that 10 to 12 minutes elapsed while the money was collected and that the store was well lighted. While the record does not contain detailed circumstances surrounding the cashier's identification, it does demonstrate that she was standing at a cash register with an unimpaired view of the defendant who was in the store office. Under such circumstances we find that their in-court identifications were based upon an independent origin unrelated to any allegedly suggestive photographic procedure. See *People v. Catlett, 48 Ill.2d 56, 62.*

Defendant also asserts that failure to grant a continuance so that his new attorney might adequately prepare his defense is reversible error. The record indicates that the case had been pending for nearly two years and numerous continuances had been granted. During this time defendant had been represented by several attorneys. On July 31, 1969, trial was set for September 15, 1969. On this day defendant did not appear and a warrant was issued. The following day (September 16, 1969) his counsel, who had been representing him for several months, requested leave to withdraw because the previous evening defendant had obtained a new attorney. The trial judge allowed counsel to withdraw after the new attorney had entered his appearance. The latter then stated that he was not prepared, but the trial court indicated that there would

not be a continuance. After a short recess several motions were considered and the jury was impaneled. The following day the court disposed of motions to suppress evidence and identification testimony. On the afternoon of September 18, 1969, the trial commenced.

Granting a continuance based upon defense counsel's lack of preparation rests within the trial court's discretion, and on review the denial of a continuance on that ground will not be disturbed unless this discretion has been abused. *(People v. Crump, 5 Ill.2d 251; People v. Trimble, 345 Ill. 82.)* The transcript indicates that trial counsel competently represented defendant by filing written pre-trial motions to suppress identification, cross-examining prosecution witnesses, interposing objections throughout the trial, and offering a closing argument. From the facts presented, we find denial of the continuance did not amount to such abuse.

Defendant also contends that he has been denied effective appellate review here because he was not furnished with a copy of the report of proceedings. While there was some delay, it was finally filed by order of this court and the Public Defender was assigned to represent the defendant. After a careful review, we find no error requiring reversal of his conviction.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*