No. 74–6464.  MOORE *v.* ILLINOIS.  Sup. Ct. Ill.  Certiorari denied.

MR. JUSTICE STEWART.

The petitioner's Illinois conviction for first-degree murder was upheld by a closely divided vote in this Court in 1972, *Moore* v. *Illinois*, 408 U. S. 786.  Moore had there urged that the state prosecutor's failure to disclose certain exculpatory evidence violated the principles of *Brady* v. *Maryland*, 373 U. S. 83.  The Court's ruling that *Brady* had not been violated was based on its interpretation of testimony given in a state post-conviction hearing by a prosecution witness named Sanders.

Sanders had testified at Moore's trial that two days after the murder a person known to Sanders as "Slick" had told Sanders that it was "open season on bartenders" and had confessed that he had shot a bartender in Lansing, a nearby town.  (The victim of the murder for which Moore was prosecuted was a bartender in Lansing.)  At the trial Sanders had also testified to the effect that it was Moore who had made these incriminating statements.  In a pretrial statement not disclosed to the defense, Sanders had told the police that he had first met "Slick" "about six months ago" in a local tavern.  Evidence adduced at the post-trial hearing proved that Sanders could not have met Moore then because Moore had been incarcerated in Leavenworth Penitentiary at the time, and Sanders acknowledged that Moore thus could not have been the man he knew as "Slick."  This Court viewed these post-trial revelations as indicating only that Sanders had misidentified Moore as "Slick" but not as impeaching Sanders' trial testimony that it was Moore who had confessed to the shooting of a bartender in Lansing.  Accordingly, the Court concluded that

"Sanders' misidentification of Moore as Slick was not material to the issue of guilt." 408 U. S., at 797. Four Justices in dissent interpreted Sanders' post-trial testimony as an acknowledgment that "it was impossible that petitioner was the man with whom he had spoken" about the shooting of the bartender in Lansing. *Id.*, at 804 (opinion of MARSHALL, J., joined by DOUGLAS, STEWART, and POWELL, JJ.).

After this Court's decision, Sanders executed an affidavit stating that it was indeed "Slick," and not Moore, who had confessed to the shooting of the Lansing bartender. On the basis of this affidavit the petitioner again turned to the state courts in an effort to overturn his conviction. Over the strong dissent of Mr. Justice Schaefer, those courts denied him relief on the ground that Sanders' affidavit lacked sufficient credibility. 60 Ill. 2d 379, 327 N. E. 2d 324. I do not quarrel with today's denial of Moore's petition for certiorari, for we cannot from this vantage point intelligently reassess the state courts' determination of questions of credibility. I write only to point out that those questions will be fully amenable to reassessment in a federal habeas corpus proceeding. See *Townsend* v. *Sain,* 372 U. S. 293.