THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES M. CRATER, Defendant-Appellant.

Third District   No. 3—83—0316

Opinion filed June 22, 1984.

Daniel D. Yuhas, David P. Bergschneider, and Janet Sinder, all of State Appellate Defender's Office, of Springfield, for appellant.

David Zwicker, State's Attorney, of Aledo (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, James Crater, appeals the denial of his petition for post-conviction relief by the circuit court of Mercer County. Originally the defendant appealed his conviction and 30-year sentence for the offense of armed robbery to this court. The defendant's conviction and sentence were affirmed, and a petition for leave to appeal to the Illinois Supreme Court was denied.

In this appeal, the defendant contends (1) that he was denied due process by the State's failure to disclose that witnesses to the armed robbery had given information regarding the robber's description which was subsequently used to create composite sketches of the robbery suspect and that an investigating police officer believed the composite drawings more closely resembled someone other than the defendant; (2) that he was denied his sixth amendment right to effective assistance of counsel where his court-appointed trial counsel failed to move to suppress defendant's confession on the ground that despite defendant's *Miranda* (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602) waiver of his right to remain silent and to have an attorney present during questioning, the defendant was entitled, because he was in custody on an armed robbery charge, to *Miranda* warnings plus specific information that a charge had been filed against him; (3) that the defendant was denied effective assistance of appellate counsel where his attorney on direct appeal failed to raise issue (2).

The record indicates that on December 5, 1979, the defendant was charged by information with the armed robbery of the Farmer's State Bank of Sherrard.

Prior to trial, a motion to suppress defendant's confession was filed which alleged that statements made by the defendant on Decem-

ber 7, 1979, were involuntary. At the time the statements were made by the defendant to agents of the Illinois Department of Law Enforcement, he was recovering from injuries sustained in an automobile accident and under prescriptive medication in the hospital.

The defendant was in a Galesburg hospital after having been transferred there from a hospital in Quincy. The defendant was read and waived his *Miranda* rights prior to talking to the authorities. The agent who questioned the defendant testified that the defendant appeared to understand the questions asked of him and did not appear to be under the influence of any drugs. When the defendant was questioned about his activities on November 29, 1979, the day of the bank robbery, he replied that that day drew a blank with him. The defendant recalled he had been drinking, but that he wasn't drunk and that somehow the money just "appeared beside him" in the car he was driving, a blue 1966 Oldsmobile.

The defense motion to suppress was denied.

The evidence at trial established that on November 29, 1979, the Farmer's State Bank of Sherrard was robbed of over $6,000, including $200 in marked bills. Rosemary Hicks, a teller at the bank, testified that a man "resembling the defendant" came to her window and handed her a brown paper sack and told her to fill it up. The man was armed with a small handgun.

Karen Lee Parker, a customer of the bank, was present during the robbery and positively identified the defendant as the armed robber.

Harry Johannes testified that he was in the bank on the day of the robbery and saw a man who looked "like the very same person" as the defendant take the paper sack and walk out the door and drive off in a 1966 or 1967 bluish-green Oldsmobile.

The defendant was in an automobile accident near Quincy on December 1, 1979. While in the hospital, several items were removed by his family from the defendant's wrecked car which was subsequently searched by the police. A shoe box containing over $4,000 and a pen and pencil bearing the defendant's name were recovered from the trunk of the wrecked car. Serial numbers from four $20 bills found in the shoe box matched the serial numbers of marked bills taken in the robbery. When the defendant was taken to the hospital, he had over $200 and a receipt for a car purchased in Peoria on November 30, 1979, the day after the robbery.

With respect to the defendant's first claim of error, that he was denied due process when certain composite sketches of the bank robbery suspect which were prepared by a police sketch artist were not

turned over to the defendant pursuant to his request for discovery, we note that this issue was not raised in either the defendant's original or amended petition for post-conviction relief. The defendant's failure to raise such an issue in the circuit court amounts to waiver of the issue on appeal. *People v. Carmickle* (1981), 97 Ill. App. 3d 917, 424 N.E.2d 78.

The burden is on the defendant to allege and prove facts which demonstrate that he was denied his constitutional rights in a proceeding under the Post-Conviction Hearing Act. (*People v. Hayes* (1975), 29 Ill. App. 3d 756, 331 N.E.2d 249; *People v. Moore* (1975), 60 Ill. 2d 379, 327 N.E.2d 324, *cert. denied* (1975), 423 U.S. 938, 46 L. Ed. 2d 270, 96 S. Ct. 298.) The defendant made no showing that the composite drawing was favorable to his case or material to the question of guilt or punishment. *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; *People v. Kosik* (1982), 110 Ill. App. 3d 930, 443 N.E.2d 238.

■ The evidence only established that a composite drawing was prepared based upon descriptions given of the bank robbery suspect. There was no showing that the witnesses to the robbery ever viewed the drawings based upon their descriptions. Likewise, there was no showing that the witnesses ever adopted the composite drawings as being accurate. Before a composite can be used to impeach a witness, it must be shown that the sketch is authentic and that testimony from the person who prepared the sketch established that the identification witness adopted and confirmed the drawing as being accurate. *People v. Yates* (1983), 98 Ill. 2d 502; *People v. Schmitt* (1981), 99 Ill. App. 3d 184, 424 N.E.2d 1267.

We are further aware that defendant's trial counsel candidly admitted that he was aware of one of the investigating officer's suspicions that an individual other than the defendant was involved in the robbery. The disclosure of the identity of every suspect the police may have had during the course of their investigation is not required in any event. (*People v. Boerckel* (1979), 68 Ill. App. 3d 103, 385 N.E.2d 815.) The facts of the instant case make it clear that the existence of the composite drawings was not material to the defendant's defense because the drawings were never used by the witnesses to identify the defendant. Therefore the failure to turn them over to the defense did not result in a denial of due process.

■ The defendant next contends that he was denied effective assistance of counsel in violation of the sixth amendment where his court-appointed lawyer did not move to suppress defendant's confession on the ground that despite defendant's *Miranda* waiver of his

right to remain silent and to have an attorney present during questioning, no effective waiver occurred because he had not received specific information that a charge had been filed against him and other specific information regarding the significance of that event.

The allegation that a higher standard of waiver applies to the waiver of a defendant's sixth amendment right to counsel once it has attached by the commencement of adversarial judicial criminal proceedings has recently been discussed by our supreme court. (See *People v. Owens* (1984), 102 Ill. 2d 88.) The court in *Owens* found that irrespective of whether the defendant's sixth amendment rights had attached or not, the defendant's awareness that he was being held for murder together with the waiver following the *Miranda* warnings was sufficient to uphold the validity of the waiver.

The facts of the instant case reveal that the defendant had been charged and arrested for the bank armed robbery two days before he was questioned by the police.

The defendant claims that his statements were involuntary because he was "heavily sedated" with Demerol following abdominal surgery and a brain concussion. At the hearing on the motion to suppress, defense counsel did not present any evidence in support of the defendant's allegation as to his condition. However, evidence at the post-conviction hearing indicated that the defendant's attorney had contacted his physician to determine if any drugs the defendant received would have affected his ability to comprehend his rights or understand the questions asked of him. The defendant's doctor indicated that in his opinion, the defendant's small dosage of Demerol would not have impaired his ability to understand his rights or respond to questioning.

We believe that based on the foregoing evidence, the defendant's trial counsel cannot be considered incompetent for failing to raise an issue which no court in an Illinois or United States Supreme Court case had decided.

In addition, the evidence at the post-conviction hearing indicated that there was no corroboration of defendant's claim that his statements to the police were involuntary.

■ Finally, substituted appellate counsel contends that the defendant's original appellate counsel on direct appeal rendered ineffective assistance of counsel by failing to raise the issue of defendant's ineffective assistance of trial counsel.

While a defendant may raise the issue of appellate counsel's alleged incompetence in a post-conviction petition regarding the failure to raise an issue on direct appeal (*People v. Frank* (1971), 48 Ill. 2d

500, 272 N.E.2d 25), it is not incompetence for appellate counsel to fail to raise an issue on appeal which counsel believes is without merit, unless his appraisal of the merits is patently erroneous. *People v. Frank* (1971), 48 Ill. 2d 500, 503, 272 N.E.2d 25, 28.

Since there is no Illinois decisional authority to support the defendant's allegation that a higher standard of waiver beyond *Miranda* warnings is necessary to establish a waiver of counsel following the commencement of adversarial criminal proceedings, there is no basis to claim that the defendant received ineffective trial or appellate counsel.

For the foregoing reasons, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.