THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHELLE ANN EBERLE, Defendant-Appellee.

Fourth District   No. 4—87—0768

Opinion filed April 28, 1988.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

F. Donald Heck, Jr., of Pollock, Ennis & Heck, of Quincy, for appellee.

JUSTICE LUND delivered the opinion of the court:

On October 20, 1987, the circuit court of Adams County denied the State's motion for continuance and motion for a *nolle prosequi*, and dismissed the charges filed against defendant Michelle Eberle. The State appeals. We reverse.

On May 29, 1987, defendant was charged by information with two counts of misdemeanor retail theft. The matter was set on the misdemeanor jury trial calendar, which commenced on October 13, 1987. On Friday, October 15, a hearing was held to determine the exact trial date.

At the hearing, Assistant State's Attorney Anne Segal stated she had been assigned the case, and it would take two days for the trial. She advised that she had a two-day felony trial starting October 19. She further advised that this case was an unusually complicated misdemeanor case, and it would be very difficult for another attorney to fill in on such short notice. The court stated it would rather not skip the natural order of the cases as scheduled. Over the State's objection, the court set the case for Monday, October 19, or Tuesday, October 20.

On October 20, the court heard a motion for a continuance filed by the State. The motion indicated that the State's Attorney's office is comprised of the State's Attorney, two full-time assistants, and

three part-time assistants. One assistant was on vacation, and all the other attorneys were either involved in trial or had just completed one and were unable to prepare for this case. Further, the motion indicated the office had to cover three court calls that day that occurred at approximately the same time. The court noted it had an established schedule of cases to be followed. The court stated that if it had been notified prior to October 15 that the case would take two days, accommodations might have been made. However, the trial judge felt there were attorneys in the office who could try the case, and he denied the motion.

The State then moved to nol-pros the charge. Defendant objected. The court denied the motion. When the State indicated it was not ready to proceed, defendant moved to dismiss the charge. The court granted the motion and dismissed the case with prejudice.

■ Preliminarily, there is a question about the State's ability to appeal this dismissal. The State possesses the right to appeal in any case from judgments, the substantive effect of which resulted in dismissal of the offense. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1247; *People v. Love* (1968), 39 Ill. 2d 436, 439, 235 N.E.2d 819, 822.) It is clear the appeal here is proper.

The State argues the court erred in denying the State's motion for a continuance. We agree.

■ Generally, whether to grant or deny a motion for continuance is within the sound discretion of the trial court, and the diligence shown by the movant is to be considered in weighing the exercise of discretion. (Ill. Rev. Stat. 1985, ch. 38, par. 114—4(e); *People v. Williams* (1982), 92 Ill. 2d 109, 116, 440 N.E.2d 843, 846.) The trial court's decision to grant or deny a continuance depends on the facts and circumstances existing at the time of the request (*People v. King* (1977), 66 Ill. 2d 551, 557, 363 N.E.2d 838, 840, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273), and its decision will not be disturbed on review absent a showing of a clear abuse of discretion (*People v. Hayes* (1972), 52 Ill. 2d 170, 175, 287 N.E.2d 465, 467).

■ In this case, we find such an abuse occurred. We observe first that the Criminal Code of 1961 specifically authorizes the granting of a continuance to the State when the prosecutor assigned to the case is held to trial in another case. (Ill. Rev. Stat. 1985, ch. 38, par. 114—4(c)(1).) In the present case, the prosecutor assigned to the case was involved in a felony trial at the time. The prosecutor who was familiar with the case indicated this case was more complicated than the normal misdemeanor case and could not easily be covered by another at-

torney. We also note this was the first continuance requested by the State, and the request was simply to move the case to the end of the calendar to allow the assigned prosecutor to complete the case she was involved in. Further, there is no indication of prejudice to defendant since she is on bond and has not requested a speedy trial. While we acknowledge the trial courts have a responsibility for keeping dockets current, we believe this responsibility does not justify ignoring the burdens of the State's Attorney's office as they wrestle with an ever increasing caseload.

Reversed and remanded.

GREEN, P.J., and SPITZ, J., concur.