THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLIFTON THOMAS, Defendant-Appellant.
Fourth District   No. 4—88—0239

Opinion filed November 10, 1988.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant and Reginald Nolan were charged with attempt (murder) (Ill. Rev. Stat. 1985, ch. 38, par. 8—4(a)) and aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4) as the result of the stabbing of Milan Martin, an inmate at the Pontiac Correctional Center, by inmates. The jury found Nolan not guilty. Defendant was found guilty on both counts and, subsequently, sentenced to 45 years' imprisonment on the attempt conviction and a concurrent 10 years' imprisonment on the aggravated battery conviction. The sentences were consecutive to the term of imprisonment defendant was then serving.

Defendant appeals arguing the trial court abused its discretion in denying his motion for a continuance to allow defense counsel to prepare for trial, defense counsel labored under a conflict of interest during the post-trial proceedings, and the aggravated battery conviction must be vacated.

We affirm the attempt conviction and sentence and vacate the conviction and sentence for aggravated battery.

After indictments issued, public defender David Ahlemeyer was appointed to represent defendant. Defendant's trial was consolidated with Nolan's trial, and defendant's motion to sever was denied. Ahlemeyer represented defendant and Nolan during several pretrial matters. On January 4, 1988, Judge Glennon denied defendant's motion to dismiss on speedy trial grounds, noting which delays to that date were attributable to defendant and Nolan. The trial was set for January 25, 1988. At a hearing on January 25, 1988, assistant public defender Paul Mason told Judge Charles Frank that he had been assigned the case that morning. Ahlemeyer was involved in a murder case and unavailable. Mason stated his experience concerned primarily juvenile trials and he was not familiar with the instant case. Mason further stated defendant wished to move for the appointment of a more experienced attorney and, alternatively, over defendant's objection, Mason was moving for a continuance to enable him to prepare for trial. Alternatively, defendant asked the case be dismissed based upon speedy trial grounds and because defendant had a right to a more experienced attorney. Mason stated he was unsure of the time factors.

Judge Frank denied defendant and Nolan's motion to dismiss for failure to appoint a more experienced attorney. He reserved ruling on a speedy trial grounds and noted that both Judge Glennon and Ahlemeyer were involved in a trial of a capital case. Judge Frank further noted that if in fact defendant and Nolan's trial was beyond the 120-day time period, this would be grounds for dismissal. However, he re-

served ruling on the matter until a written motion was filed and he could check the case file.

Judge Frank asked whether Nolan and defendant knew that they had a right to continue the cause until Ahlemeyer became available to defend them. He then stated several alternatives were available to the defendants: continuing the trial for a week to give Ahlemeyer a chance to assist Mason; starting the trial the next Monday; or starting the next day, which he was reluctant to do. Mason then stated that he told defendant and Nolan that they had a right to continue the case until Ahlemeyer was available. However, neither defendant nor Nolan wanted to move for a continuance.

The prosecuting attorney suggested selecting a jury the following day and starting the evidentiary portion of the trial the following week. The court adopted this suggestion. Mason then stated Nolan and defendant wished the entire cause to proceed without a break after jury selection, as they believed the 120-day limit had expired. However, Mason stated the continuance after jury selection would assist him in preparing for trial.

Judge Frank responded there might be a reason to dismiss for lack of a speedy trial. However, he needed to check the file. He believed there was a conflict between defendant's right to a speedy trial and his right to prepared counsel. Ahlemeyer was willing to handle the cause on the next calendar. Therefore, to give defendants the best of both rights, jury selection would begin the following day and the evidentiary portion of the trial the following week.

Mason then stated defendant and Nolan wished to have the entire caused dismissed or have the entire trial start the next day. The court stated he understood defendant's and Nolan's wishes but had no grounds to dismiss.

On January 26, 1988, Judge Frank heard arguments on the speedy trial motion. He found most of the delay attributable to Nolan and defendant. He noted that the 120-day time period had not elapsed. Judge Frank then stated jury selection would begin that afternoon with evidence taken on February 1, 1988. Mason then stated Nolan and defendant objected to the procedure. They wished the trial to continue straight through. The court denied the request. The court then cautioned defendant and Nolan that they could not ask for a continuance on Monday. The court noted Ahlemeyer would not be available during the trial.

Immediately prior to jury selection, defendant stated he wished to proceed with Ahlemeyer. Nolan, however, wanted to proceed to trial. Mason explained defendant wanted to proceed to trial earlier and was

willing to risk new counsel because he believed the motion to dismiss would be granted. Since it had been denied, he wanted a more experienced counsel.

The court denied the motion, noting Mason was competent, had time to prepare for trial, defendant had not formerly wished a continuance, and in effect wanted a severance from Nolan's trial.

Milan Martin testified that he saw defendant stab him in the neck with a knife on October 2, 1986. Nolan was also in the group which surrounded Martin, but Martin did not see Nolan stab him. Martin further testified that prior to the stabbing he had resigned from a gang within the prison and joined a religious organization. On October 2, 1986, he returned to his cell and found all of his personal property missing. Defendant told Martin that they (the gang) had taken his property as it belonged to the leader of the Stones. Martin stated he was subsequently stabbed by a number of inmates. At the time of trial he was paralyzed.

Correctional officer Edward Wine stated he observed defendant, Nolan, and other inmates talking to Martin. About 10 minutes later, he learned Martin had been stabbed. Wine observed Martin bleeding profusely. Martin told Wine he believed he was dying and "Eight Ball" stabbed him. "Eight Ball" is defendant's nickname. Correctional officer John Timmons testified he observed defendant and Nolan in the group talking to Martin, in front of Martin's cell.

Correctional officer William Gray stated that a few minutes before a radio call came to secure the cellhouse on October 2, 1986, Nolan told Gray, who was controlling inmate movement into the exercise yard, that he had cut his hand. Nolan wanted a pass to go to the hospital. When Gray refused, Nolan and a few other inmates pushed their way past his station. After the radio call about the incident, Gray reported Nolan's behavior.

Several witnesses testified regarding chain of custody of blood samples from defendant and Nolan and articles seized from Nolan. However, a gap in time existed and test results were not admitted.

Defendant testified in his own behalf and denied stabbing Martin. He admitted talking to Martin approximately an hour before the stabbing. However, defendant stated he was visiting another inmate on a different gallery when the incident occurred. Defendant further testified that Martin had a dispute with him and threatened revenge.

Horace Chester, an inmate at Pontiac Correctional Center, testified that defendant was with him when the stabbing occurred. Nooir Kahn, an inmate at the Pontiac Correctional Center, testified that he had pleaded guilty to stabbing Martin. Neither defendant nor Nolan

was among the inmates surrounding Martin when Kahn stabbed him.

Douglas Reed, an internal security officer with the Department of Corrections, testified that on October 6, 1986, Wine could not identify any of the inmates in the group which surrounded Martin.

Glen Jones, an inmate at the Pontiac Correctional Center, stated that he observed the group which surrounded Martin. Defendant was not in it.

■■ ■ Initially, defendant argues the trial court abused its discretion in denying his motion for a continuance to allow his attorney sufficient time to prepare the case. We note defendant's position at trial was that the cause should proceed without any continuance to allow Mason preparation time. Defendant subsequently changed his mind. Granting a continuance based upon defense counsel's lack of preparation rests within the trial court's discretion. On review, the trial court's decision will only be reversed where an abuse of discretion is shown. (*People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465.) It is well settled that a continuance for purposes of allowing counsel to prepare is not erroneously denied unless defendant is prejudiced by the denial. (*People v. Sayles* (1985), 130 Ill. App. 3d 882, 474 N.E.2d 870.) In the instant case, the trial court granted Mason five additional days to prepare for the evidentiary portion of the trial. No abuse of discretion occurred under these circumstances. *Hayes*, 52 Ill. 2d 170, 287 N.E.2d 465 (no abuse of discretion found when new counsel selected a jury and the evidentiary portion of the trial started two days later).

Additionally, defendant has not established that he was prejudiced by the denial of the continuance. (See *Sayles*, 130 Ill. App. 3d 882, 474 N.E.2d 870.) Mason cross-examined witnesses, successfully argued the inadmissibility of blood test results, presented an alibi defense for defendant, questioned Wine's identification of defendant as a member of the group surrounding Martin, made objections during the trial, and offered a closing argument.

■■ Defendant next argues his counsel labored under a conflict of interest due to an allegation of incompetence in his post-trial motion. Defendant's argument has little merit. In his post-trial motion, defense counsel argued he denied defendant the effective assistance of counsel because he had failed to raise Martin's criminal record during cross-examination. The trial court denied the motion, noting the decision was one of strategy.

Defendant relies upon *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045. In *Krankel*, Krankel filed a *pro se* motion for a new trial alleging his trial counsel failed to investigate an alibi witness.

Krankel argued the motion himself. The supreme court remanded to the trial court for a new hearing on the motion with newly appointed counsel. In *People v. Jackson* (1985), 131 Ill. App. 3d 128, 474 N.E.2d 466, this court noted that *Krankel* did not hold new counsel must be appointed whenever a defendant raises an allegation of incompetence. Instead, *Jackson* adopted the position set forth in *People v. Johnson* (1981), 98 Ill. App. 3d 228, 424 N.E.2d 610. Under this analysis, the trial court should examine the factual matters underlying defendant's claim. If the claim goes to trial strategy, the trial court may find the claim spurious and deny appointment of new counsel. Only when the claim shows a possible neglect of defendant's cause should the court appoint new counsel. The underlying facts of the claim determine the existence of a conflict of interest. See also *People v. Brandon* (1987), 157 Ill. App. 3d 835, 510 N.E.2d 1005.

■ Here, defense counsel raised the issue of his competence. *Krankel, Jackson, Johnson,* and *Brandon* are therefore distinguishable. However, the same standard has been used to determine when new counsel should be appointed. (*People v. Taylor* (1986), 146 Ill. App. 3d 45, 496 N.E.2d 263.) The underlying allegation of incompetence at issue involved failing to question the victim about his felony record. This was a matter of trial tactics and is not the basis of an ineffective assistance of counsel claim. No error occurred in failing to appoint new counsel to argue the post-trial motion.

■ Defendant next argues and the State agrees that his conviction and sentence for aggravated battery must be vacated. A person may not be convicted of more than one offense arising out of the same act. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) The attempt (murder) conviction and aggravated battery conviction arose from the same stabbing of Martin. The aggravated battery conviction and sentence must, therefore, be vacated.

For the above reasons, we affirm the conviction and sentence for attempt and vacate the conviction and sentence for aggravated battery.

Affirmed in part; vacated in part.

LUND and KNECHT, JJ., concur.