THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL B. LOSTUTTER, Defendant-Appellant.

Third District   No. 3—91—0588

Opinion filed April 28, 1992.

Edwin J. Anderson, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Joan Scott, State's Attorney, of Lewistown (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Daniel B. Lostutter, appeals the dismissal of his post-conviction petition. We affirm.

The record shows that a jury convicted the defendant of one count of aggravated criminal sexual abuse and two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, pars. 12—16(c)(1), 12—14(b)(1)). The trial court sentenced him to concurrent prison terms of 7 years, 25 years, and 25 years, respectively. On appeal, this court reversed one of the defendant's aggravated criminal sexual assault convictions and affirmed the other. *People v. Lostutter* (3d Dist. 1988), No. 3—87—0830 (unpublished order under Supreme Court Rule 23).

Thereafter, the defendant filed a post-conviction petition in which he alleged that his trial counsel was ineffective for failing to object to certain instructions, failing to tender alternate instructions, and failing to file a post-trial motion. He also claimed that his appellate counsel was ineffective for failing to present these particular claims of ineffective assistance of trial counsel. The trial court found that the decision not to challenge the instructions could have been a matter of trial strategy and dismissed the petition.

The defendant's first contention on appeal is that he received ineffective assistance of counsel because his trial counsel failed to tender proper jury instructions and failed to object to the jury instructions that were used. Specifically, with regard to his remaining aggravated sexual assault conviction, he notes that while there was only one charge, the victim testified to three different acts of anal penetration. Nonetheless, the jury was only instructed generally as to aggravated criminal sexual assault. He argues that because of the lack of specificity in the instructions, and because his attorney did not tender an instruction directing the jurors to unanimously agree on one act as the basis for the crime underlying the verdict, his conviction may have been based upon an improper composite jury verdict.

■■ In order to establish ineffective assistance of counsel, a defendant must show both that his counsel's representation fell below an objective standard of reasonableness and a reasonable probability that but for counsel's errors, the result of the proceeding

would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) A review of counsel's competency does not extend to those areas involving the exercise of professional judgment, discretion, or trial tactics. (*People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3.) This is true even if in hindsight other counsel or a reviewing court might have acted in a different manner had they been defense counsel. *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531.

In the instant case, we simply disagree with the defendant's assessment of the evidence the jurors heard and the instructions they received. The specific charge the defendant was found guilty of, count III, alleged in pertinent part that the defendant had committed aggravated criminal sexual assault by committing an act of sexual penetration in that he placed his penis in the anus of C.J. At trial, C.J. testified to other acts of sexual contact between himself and the defendant, but only to *one* instance where the defendant had inserted his penis into C.J.'s anus. The instruction on aggravated criminal sexual assault the jury received indicated that to sustain the charges in counts II and III, the State had to prove the requisite ages and that an act of sexual penetration had occurred. Sexual penetration was defined as any contact, however slight, between one person's sex organ and the mouth or anus of another, including but not limited to fellatio or anal penetration. The guilty verdict form shows that the jury found the defendant "guilty of the offense of aggravated criminal sexual assault as to Count III."

■■ From our reading of these instructions, it seems clear that the jury was informed of the specific charge contained in count III, that is, that the defendant had inserted his penis into C.J.'s anus. At trial, C.J. testified to only one instance when this had occurred. Under these circumstances, we do not believe that the jurors could have been confused as to what they were finding the defendant guilty of pursuant to count III. Thus, on this record, we cannot say that the defendant has demonstrated that but for his trial counsel's failure to object to the instructions given, or to tender a general unanimity instruction, the result of the proceeding would have been different. In our view, trial counsel's decision not to object to the instructions given or tender a general unanimity instruction was a matter of professional judgment.

■■ Additionally, we note that it is not incompetent for appellate counsel to fail to raise an issue on direct appeal which counsel believes is without merit, unless counsel's appraisal of the merits is patently erroneous. (*People v. Crater* (1984), 124 Ill. App. 3d 1074,

465 N.E.2d 162.) Here, the defendant has asserted his appellate counsel was ineffective because he did not raise the issue of trial counsel's incompetency with regard to the jury instructions. Given our determination that trial counsel was not ineffective, we cannot say that appellate counsel was ineffective for failing to raise this issue.

■ The defendant next contends that this court should remand his case to the circuit court because his post-conviction counsel did not file a Rule 651(c) certificate. (134 Ill. 2d R. 651(c).) He further argues that counsel's failure to comply with the rule was demonstrated by his not making the trial transcripts available to the court and by his failure to otherwise indicate proper review of the record.

Rule 651(c) requires that the record on appeal from a post-conviction proceeding must disclose that appointed counsel took the necessary steps to secure adequate representation of the post-conviction petitioner's claims. However, the absence of such a certificate from the record is harmless error if the record establishes that counsel met the requirements of the rule. *People v. Szabo* (1991), 144 Ill. 2d 525, 582 N.E.2d 173.

The record indicates that after post-conviction counsel was appointed, he filed a lengthy, detailed petition for post-conviction relief which amended the defendant's previously filed *pro se* petition and more clearly set out the defendant's claim that he had received ineffective assistance of trial and appellate counsel. Also, following a hearing on the State's motion to dismiss the amended petition, post-conviction counsel filed another amended petition for post-conviction relief. It included a lengthy affidavit signed by the defendant, which clearly appears to have been drafted and prepared with the assistance of post-conviction counsel, who notarized it. Post-conviction counsel also attached copies of the general jury instruction given at the defendant's trial, the appellate court opinion in the defendant's case, and a copy of a Federal district court's opinion dismissing the defendant's petition for a writ of *habeas corpus.* These documents prepared by post-conviction counsel indicate that he was familiar with the trial record and had discussed the defendant's contentions with him.

Additionally, at the hearing on the defendant's petition, his post-conviction counsel called him to testify about what had occurred at trial with regard to the jury instructions. Post-conviction counsel also made extensive arguments to the trial judge concerning the defendant's claims, discussing both the facts of the case and the law. We note also that the trial judge indicated that he had

read the court file in this case. Accordingly, the record reveals that counsel met the requirements of Rule 651(c) and, therefore, the failure to file a Rule 651(c) certificate was harmless error.

For the foregoing reasons, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

HAASE and STOUDER, JJ., concur.